UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

JUAN TEUTLE-RAMIREZ,

Petitioner,

v.

ROBERT LeGRAND, et al.,

Respondents.

Case No. 3:15-cv-00136-MMD-WGC

ORDER

Petitioner has paid the filing fee. The Court has reviewed the petition for a writ of habeas corpus pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner will need to show cause why the Court should not dismiss this action as untimely.

Congress has limited the time in which a person can petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254:

A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

1   (D) the date on which the factual predicate of the claim or claims
2   presented could have been discovered through the exercise of due
    diligence.

3   28 U.S.C. § 2244(d)(1). If the judgment is not appealed, then it becomes final thirty (30)

4   days after entry, when the time to appeal to the Nevada Supreme Court has expired.

5   *See Gonzalez v. Thaler*, 132 S. Ct. 641, 653-54 (2012); s*ee also* Nev. R. App. P. 4(b),

6   26(a). Any time spent pursuing a properly filed application for state post-conviction

7   review or other collateral review does not count toward this one-year limitation period.

8   28 U.S.C. § 2244(d)(2). The period of limitation resumes when the post-conviction

9   judgment becomes final upon issuance of the remittitur. *Jefferson v. Budge,* 419 F.3d

10  1013, 1015 n.2 (9th Cir. 2005).   An untimely state post-conviction petition is not

11  "properly filed" and does not toll the period of limitation. *Pace v. DiGuglielmo*, 544 U.S.

12  408, 417 (2005).

13       Section 2244(d) is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631,

14  645 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he

15  has been pursuing his rights diligently, and (2) that some extraordinary circumstance

16  stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace*, 544 U.S. at 418).

17  Actual innocence can excuse operation of the statute of limitations. *McQuiggin v.*

18  *Perkins*, 133 S. Ct. 1924, 1928 (2013). "'[A] petitioner does not meet the threshold

19  requirement unless he persuades the district court that, in light of the new evidence, no

20  juror, acting reasonably, would have voted to find him guilty beyond a reasonable

21  doubt.'" *Id.* (quoting *Schlup v. Delo*, 515 U.S. 298, 329 (1995)). "'[A]ctual innocence'

22  means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523

23  U.S. 614, 623 (1998). "In cases where the Government has forgone more serious

24  charges in the course of plea bargaining, petitioner's showing of actual innocence must

25  also extend to those charges." *Id.* at 624.

26       The petitioner effectively files a federal petition when he mails it to the court.

27  *Stillman v. Lamarque,* 319 F.3d 1199, 1201 (9th Cir. 2003). The court can raise the

28  ///

2

issue of timeliness on its own motion. *Day v. McDonough*, 547 U.S. 198, 209 (2006); *Herbst v. Cook*, 260 F.3d 1039, 1043 (9th Cir. 2001).

In the state district court, petitioner pleaded guilty to one count of battery with intent to commit sexual assault, four counts of sexual assault with the use of a deadly weapon, one count of first-degree kidnaping with the use of a deadly weapon, one count of robbery with the use of a deadly weapon, and one count of open or gross lewdness. The state district court entered a judgment of conviction on August 9, 2010, and it entered an amended judgment of conviction on October 13, 2010. Petitioner did not appeal, and the judgment became final no later than November 12, 2010. Petitioner did not file a post-conviction habeas corpus petition or a petition for other collateral review in the state courts in the following year, and the federal one-year period of § 2244(d)(1) expired at the end of November 14, 2011.

Petitioner did file a post-conviction habeas corpus petition in state district court on May 27, 2014. The state district court determined that the petition was untimely pursuant to NRS § 34.726(1), and it denied the petition. Petitioner appealed. The Nevada Court of Appeals affirmed on February 4, 2015. The Nevada Supreme Court denied review and issued the remittitur on April 21, 2015.

The state post-conviction petition did not toll the federal period of limitation for two reasons. First, the federal period had expired two and a half years prior to petitioner filing the state petition, and there was no time left to be tolled. *Ferguson v. Palmateer,* 321 F.3d 820, 823 (9th Cir. 2003). Second, the state courts determined that the state petition was untimely under state law, and thus it was ineligible for tolling. *Pace*, 544 U.S. at 417.

Petitioner mailed his federal habeas corpus petition pursuant to 28 U.S.C. § 2254 to this Court on March 2, 2015, more than three years, three months after the one-year period of § 2244(d)(1) had expired. Petitioner will need to show cause why the Court should not dismiss this action as untimely.

///

3

In the petition, petitioner relies upon *Nguyen v. Curry*, 736 F.3d 1287 (9th Cir. 2013). He argues that *Nguyen* created a new rule, and that he filed his state petition within one year of the issuance of the decision in *Nguyen*. Petitioner is incorrect. The federal one-year period can run from:

> [T]he date on which the <u>constitutional right</u> asserted was initially recognized <u>by the Supreme Court</u>, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.

28 U.S.C. § 2244(d)(1)(C) (emphasis added). First, *Nguyen* is a decision of a court of appeals, not the Supreme Court of the United States. Second, *Nguyen* did not recognize a new constitutional right. In *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), the Supreme Court held that when a state law procedural bar, such as raising a claim for the first time in a successive state petition, would keep a federal court from considering a claim of ineffective assistance of trial counsel, the ineffective assistance of state post-conviction counsel in the first state post-conviction proceedings can be cause to excuse the procedural default. Notably, *Martinez* did not create a new constitutional right to effective assistance of post-conviction counsel; that is, a person cannot gain federal habeas corpus relief solely because post-conviction counsel provided ineffective assistance. *Nguyen* extended the rule of *Martinez* to procedurally defaulted claims of ineffective assistance of counsel on direct appeal, but *Nguyen* did not create a new constitutional right to effective assistance of post-conviction counsel. Consequently, 28 U.S.C. § 2244(d)(1)(C) does not apply to petitioner.

Petitioner has submitted a motion for appointment of counsel. Whenever the court determines that the interests of justice so require, counsel may be appointed to any financially eligible person who is seeking habeas corpus relief. 18 U.S.C. § 3006A(a)(2)(B). "[T]he district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952 (9th Cir. 1983). There is no constitutional right to counsel in federal habeas proceedings.

4

*McCleskey v. Zant*, 499 U.S. 467, 495 (1991). The factors to consider are not separate from the underlying claims, but are intrinsically enmeshed with them. *Weygandt*, 718 F.2d at 954. After reviewing the petition, the Court concludes that appointment of counsel is not warranted.

It is further ordered that the Clerk of the Court shall file the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and the motion for appointment of counsel.

It is further ordered that the motion for appointment of counsel is denied.

It is further ordered that petitioner shall have thirty (30) days from the date of entry of this order to show cause why the Court should not dismiss this action as untimely. Failure to comply with this order will result in the dismissal of this action.

It is further ordered that the Clerk shall add Adam Paul Laxalt, Attorney General for the State of Nevada, as counsel for respondents.

It is further ordered that the Clerk shall electronically serve upon respondents a copy of the petition and this order. Respondents' counsel shall enter a notice of appearance herein within twenty (20) days of entry of this order, but no further response shall be required from respondents until further order of the Court.

DATED THIS 19th day of June 2015.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

5