UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JUAN TEUTLE-RAMIREZ,<br><br>                Petitioner,<br>v.<br>ROBERT LEGRAND, *et al.*,<br><br>                Respondents. | Case No. 3:15-cv-00136-MMD-WGC<br><br>ORDER |

**I.    SUMMARY**

Before the Court are the first amended petition for writ of habeas corpus (ECF No. 24), Respondents' motion to dismiss (ECF No. 37), Petitioner's opposition (ECF No. 43), and Respondents' reply (ECF No. 47). The Court grants the motion in part because the Petition is untimely.

**II.    BACKGROUND**

The state district court convicted Petitioner of one count of battery with intent to commit sexual assault, four counts of sexual assault with the use of a deadly weapon, one count of first-degree kidnaping with the use of a deadly weapon, one count of robbery with the use of a deadly weapon, and one count of open or gross lewdness. Petitioner did not negotiate. He pleaded guilty as charged. The state district court entered its original judgment of conviction on August 9, 2010. (Exh. 42 (ECF No. 26-16).) The state district court entered an amended judgment of conviction on October 13, 2010, to add the statutorily required special sentence of lifetime supervision for a sexual offender. (Exh. 44 (ECF No. 26-18).) Petitioner did not appeal.

On October 28, 2012, Petitioner filed in the state district court a motion for production of transcripts at state expense. (Exh. 48 (ECF No. 26-22).) The state district court denied the motion on October 2, 2012. (Exh. 52 (ECF No. 26-26).) On or around November 19, 2012, Petitioner sent a letter to the state district court. (Exh. 53 (ECF No. 27).) He asked for a copy of the order denying the motion so that he could appeal. (*Id.*) He noted that he wanted the transcripts to file either a motion to correct an illegal sentence or a petition for a writ of habeas corpus. (*Id.*) Petitioner filed a notice of appeal on January 3, 2013. (Exh. 56 (ECF No. 27-3).) On January 24, 2013, the Nevada Supreme Court dismissed the appeal. (Exh. 61 (ECF No. 27-8).) It held that no statute or court rule authorized an appeal from the denial of this motion, and thus it lacked jurisdiction. (*Id.*) Remittitur issued on February 19, 2013. (Exh. 63 (ECF No. 27-10).)

On March 5, 2013, Petitioner filed in the state district court a motion for modification of sentence. (Exh. 62 (ECF No. 27-9).) He asked for all the sentences to run concurrently because he accepted responsibility and because he needed to provide for his daughter. (*Id.*) The state district court denied the motion on April 4, 2013. (Exh. 66 (ECF No. 27-13).) Petitioner did not appeal.

On January 23, 2014, Petitioner filed in the state district court a motion to vacate dual conviction based upon a change in the law (double jeopardy) precluding redundancy principle law. (Exh. 67 (ECF No. 27-14).) He argued that the multiple counts of sexual assault were redundant, and he argued that battery with intent to commit sexual assault was a lesser-included offense to sexual assault. (*Id.*) The state district court denied the motion on February 19, 2014. (Exh. 69 (ECF No. 27-16).) Petitioner filed a notice of appeal on March 6, 2014. (Exh. 70 (ECF No. 28).) On April 4, 2014, the Nevada Supreme Court dismissed the appeal. (Exh. 72 (ECF No. 28-2).) It held that no statute or court rule authorized an appeal from the denial of this motion, and thus it lacked jurisdiction. (*Id.*) Remittitur issued on April 29, 2014. (Exh. 73 (ECF No. 28-3).)

On May 27, 2014, Petitioner filed in the state district court a post-conviction habeas corpus petition. (Exh. 74 (ECF No. 28-4).) On July 28, 2014, the state district court orally

1  denied the petition. (Exh. 81 (ECF No. 28-11).) On October 8, 2014, the state district court
2  filed its written decision. (Exh. 86 (ECF No. 28-16).) The state district court held that the
3  petition was untimely under NRS § 34.726(1). (*Id.*) Petitioner appealed. On February 4,
4  2015, the Nevada Court of Appeals affirmed the state district court's decision. (Exh. 90
5  (ECF No. 29).) The Nevada Supreme Court denied review and issued its remittitur on April
6  21, 2015. (Exh. 91 (ECF No. 29-1); Exh. 92 (ECF No. 29-2).)

Petitioner mailed his original, proper-person Petition pursuant to 28 U.S.C. § 2254 to this Court on March 2, 2015, thus effectively commencing this action.

### III. LEGAL STANDARD

Congress has limited the time in which a person can petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). If the judgment is not appealed, then it becomes final thirty days after entry, when the time to appeal to the Nevada Supreme Court has expired. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012); *see also* Nev. R. App. P. 4(b), 26(a).

Any time spent pursuing a properly filed application for state post-conviction review or other collateral review does not count toward this one-year limitation period. 28 U.S.C. § 2244(d)(2). The period of limitation resumes when the post-conviction judgment becomes final upon issuance of the remittitur. *Jefferson v. Budge*, 419 F.3d 1013, 1015 n.2 (9th Cir. 2005). An untimely state post-conviction petition is not "properly filed" and does not toll the period of limitation. *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005). A

prior federal habeas corpus petition does not toll the period of limitation. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

Section 2244(d) is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id*. at 649 (quoting *Pace*, 544 U.S. at 418).

The petitioner effectively files a federal petition when he delivers it to prison officials to be forwarded to the clerk of the court. Rule 3(d), Rules Governing Section 2254 Cases in the United States District Courts.

**IV. DISCUSSION**

By statute, this action is untimely. Petitioner did not appeal the amended judgment of conviction, entered October 13, 2010, and the judgment became final with the expiration of time to appeal on November 12, 2010. Petitioner had nothing pending in the state courts in the following year, and the one-year period of § 2244(d)(1) expired on November 14, 2011, because the period otherwise would have expired on a weekend. None of the motions and petitions filed in the state courts after that date tolled the period under § 2244(d)(2) because no time was left to be tolled. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003). Furthermore, at least two of the motions and petitions would have been ineligible for tolling even if the one-year period had not expired. The motion for transcripts was not a petition for post-conviction or other collateral review. The post-conviction habeas corpus petition was untimely under state law and thus not properly filed. *Pace*, 544 U.S. at 417.

Petitioner proposes several blocks of time in which the period of limitation should be equitably tolled, which in turn would make the Petition timely. First, he argues that because of the nature of his crimes and his inability to speak English, he was afraid to seek help among other inmates. (ECF No. 43 at 5-6.) He states that he was in protective custody at High Desert State Prison for seven months after he was sentenced. (*Id.*) After seven months, Petitioner moved to Lovelock Correctional Center, in the general

population. (*Id.* at 6.[1]) However, Petitioner states that he still acted slowly, out of fear, until he could find people whom he could trust. He argues that this period ended on August 28, 2012, when he filed his motion for transcripts at state expense. (*Id.*) Second, Petitioner argues that the Court should equitably toll the time spent on the motion for transcripts, until the Nevada Supreme Court issued its remittitur. (*Id.* at 6.) Petitioner argues that at that time he had no exhausted claims, so this Court would have dismissed any federal habeas corpus petition that he would have filed, because it was an open question whether this Court could stay the action while he pursued state-court remedies. (*Id.*) Third, Petitioner argues that the Court should toll the time spent on the motion for modification of sentence, the motion to vacate dual convictions, and the post-conviction habeas corpus petition.

The Court finds that equitable tolling is not warranted for several reasons. First, the Court will assume for the moment that Petitioner's language barrier and fear of inmate retaliation for his crimes kept him from filing anything until August 28, 2012, when he filed his motion for transcripts.[2] Petitioner argues that if he had filed a federal habeas corpus petition at that time, then this Court might have dismissed the petition without opportunity for a stay because it was completely unexhausted. However, Petitioner's argument does not explain why he filed a motion for transcripts, then a motion to modify his sentence, then a motion to vacate sentence, before filing his post-conviction habeas corpus petition. The post-conviction habeas corpus petition is the exclusive procedure for Petitioner to challenge the validity of his judgment of conviction. NRS § 34.724(2)(b). The post-conviction habeas corpus petition also was the only procedure that Petitioner could have exhausted his state-court remedies. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989); *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994). Petitioner should have filed the post-conviction petition first. Everything else was futile, piecemeal litigation that could not have

---

[1] Petitioner's case notes from the Nevada Department of Corrections confirm these dates. (*See* Exh. 121 (ECF No. 47-2).)

[2] The Court finds this argument to be suspect for the reasons discussed below.

5

1 given Petitioner any relief and did nothing but waste a year and a half that Petitioner did
2 not have. Petitioner knew about the availability of the post-conviction petition at or around
3 the start of this chain of useless litigation, because the form motion that Petitioner used
4 noted that it was in support of an already filed habeas corpus petition or motion to correct
5 an illegal sentence. (Exh. 48 at 1 (ECF No. 26-22 at 2).[3]) Then, after the state district court
6 denied the motion for transcripts, Petitioner wrote a letter, dated November 19, 2012,
7 asking for a copy of the district court's order so that he could appeal and then pursue a
8 motion to correct an illegal sentence or a post-conviction habeas corpus petition. (Exh. 53
9 (ECF No. 27).[4]) In other words, no later than November 19, 2012, Petitioner knew what
10 the correct procedure to obtain relief was. However, Petitioner did not file a post-conviction
11 habeas corpus petition soon after that letter. By November 19, 2012, Petitioner had no
12 extraordinary circumstances that would have prevented him from filing the correct petition
13 in the state court. Petitioner might have been relentless, as he puts it now, but relentless
14 litigation to no valid purpose is not diligence.

15 Second, even if the Court would equitably toll the time that Petitioner's motions and
16 post-conviction habeas corpus petition were pending in the state courts, as if statutory
17 tolling under 28 U.S.C. § 2244(d)(2) applied, not enough time would be tolled to make the
18 federal petition timely. Petitioner assumes that the time he spent on his appeal from the
19 denial of the motion for transcripts and the time that he spent on his appeal from the denial
20 of the motion to vacate sentence would be tolled. However, the Nevada Supreme Court
21 dismissed the appeals for lack of jurisdiction because no statute or court rule authorized
22 those appeals. (*See* Exh. 61 (ECF No. 27-8); Exh. 72 (ECF No. 28-2).) If the Nevada
23 Supreme Court lacks jurisdiction to consider an appeal, then the appeal is not "properly

---

[3]Petitioner modified that form to state that he had not yet filed a motion to correct an illegal sentence. (Exh. 48 at 1-2 (ECF No. 26-22 at 2-3).)

[4]Petitioner did not file a motion to correct an illegal sentence. If he did, it likely would have been futile. A motion to correct an illegal sentence assumes the validity of a conviction and is limited to correct a sentence that is outside the statutory limits. A motion to correct an illegal sentence is not a method to challenge the validity of a conviction. *Edwards v. State*, 918 P.2d 321, 324-25 (Nev. 1996). Petitioner's sentences are within the statutory limits, and he has not claimed otherwise in any motion or petition.

6

filed" under § 2244(d)(2), and it is ineligible for statutory tolling. *Pace*, 544 U.S. at 414-15 & n.4 (citing *Artuz v. Bennett*, 531 U.S. 4, 9 (2000)). Petitioner is asking the Court, without explanation why, to give him a greater benefit of equitable tolling than what statutory tolling would give him. The Court declines.

Taking that into account, the Petition would still be untimely even with equitable tolling. Assuming that Petitioner was unable to file anything before August 28, 2012, when he filed his motion for transcripts, no time under § 2244(d)(1) had passed when the state district court denied that motion on October 2, 2012. One hundred fifty-four (154) days passed until Petitioner filed his motion for sentence modification on March 5, 2013, and the state district court denied that motion on April 4, 2013. Two hundred ninety-four (294) days passed until Petitioner filed his motion to vacate on January 23, 2014, and the state district court denied that motion on February 19, 2014. Ninety-seven (97) days passed until Petitioner filed his post-conviction habeas corpus petition on May 27, 2014, and the remittitur after Petitioner's appeal issued on April 21, 2015.[5] Petitioner had mailed his federal habeas corpus petition to the court before then, on March 2, 2015, and thus no time passed. A total of five hundred forty-five (545) non-tolled days passed, exceeding the one-year period. The current federal petition would be untimely even with equitable tolling.

Moreover, the Court questions Petitioner's contention that he was unable to file anything until August 28, 2012, when he filed his motion for transcripts. When Petitioner was in protected custody at High Desert State Prison, he does not allege that the prison did not provide either law-library access or translation services. *See Mendoza v. Carey*, 449 F.3d 1065, 1069-70 (9th Cir. 2006). Respondents show that the prison does provide law library access to inmates in segregated confinement. (Exh. 120 (ECF No. 47-1).) Petitioner transferred to the general population at Lovelock Correctional Center on or around May 12, 2011. (Exh. 121 (ECF No. 47-2 at 2); *see also* Exh. 118 at ¶ 4 (ECF No.

---

[5]For the purposes of this paragraph, the Court includes the time spent on the appeal from the denial of the post-conviction habeas corpus petition is equitable tolling because state law does allow an appeal from the denial of the petition. NRS § 34.575(1).

7

44-1 at 2).) Petitioner then had six months remaining in his one-year period. The case notes show that inmate translators not only were available, but that Petitioner used them in his discussions with prison officials about his case. (Exh. 121 (ECF No. 47-2).) Petitioner cannot claim that his limited English proficiency is an extraordinary circumstance when translation services were not only available, but used. *Yow Ming Yeh v. Martel*, 751 F.3d 1075, 1078 (9th Cir. 2014). Similarly, if Petitioner used inmate translators to talk with prison officials about his case, then his claim that he was afraid of inmate retaliation for his crimes is suspect. Nonetheless, Petitioner waited a year and a half after transferring to Lovelock to file his transcripts motion. This was not the diligence required for equitable tolling.

Respondents present other arguments in their motion to dismiss. The Court does not address them because the Court is dismissing the action as untimely.

Reasonable jurists would not find the Court's conclusions on equitable tolling to be debatable or wrong. The Court will not issue a certificate of appealability.

**V. CONCLUSION**

It is therefore ordered that Respondents motion to dismiss (ECF No. 37) is granted in part. This action is dismissed with prejudice as untimely. The Clerk of the Court is instructed to enter judgment accordingly and close this action.

It is further ordered that a certificate of appealability will not issue.

DATED THIS 13th day of September 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE